# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6376 | **DATE** | 12/19/07 |
| **CASE TITLE** | colspan="3" | Gregory King (#67192) v. Pat Perez |

**DOCKET ENTRY TEXT:**

Plaintiff Gregory King has informed this Court that he is no longer incarcerated. [6] The in forma pauperis application submitted with his complaint while he was incarcerated [3] is incomplete and is denied without prejudice. If plaintiff wants to proceed with the current action, he must file a completed in forma pauperis application stating his current financial status and providing a copy of his jail trust fund account statement, showing the activity in that account during the six-month period prior to filing the instant suit and up until the time of his release. Plaintiff is given 30 days from the date of this order to either submit a completed in forma pauperis application, showing both his current financial status and a copy of his jail trust fund account, or prepay the $350 filing fee. If plaintiff fails to comply with this order within 30 days, the Court may dismiss this case without prejudice. The clerk is directed to send to plaintiff an application to proceed in forma pauperis, along with a copy of this order. The Kane County Jail, Kane County Jail Medical Staff, and Kane County Jail Maintenance Men are not suable parties, are dismissed as defendants, and are terminated as parties to this suit. *See Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ **[For further details see text below.]**     Docketing to mail notices.

## STATEMENT

Plaintiff Gregory King, formerly incarcerated at Kane County Jail, filed this 42 U.S.C. § 1983 complaint while he was incarcerated. King named Kane County Sheriff Pat Petez, Kane County Jail, Kane County Medical Staff, and Kane County Jail's Maintenance Men as defendants. Plaintiff alleges a number of inadequate conditions of the jail: lack of showers equipped for persons with a prosthetic leg, like plaintiff; lack of meals for diabetic inmates like plaintiff; inadequate medical attention for headaches; inability to obtain crutches or wheelchair in order to get to the bathroom; and mold in the showers. The Kane County Jail, its medical staff, and its maintenance staff are not suable parties and are dismissed as defendants. *Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). The only suable party is Kane County Sheriff Pat Perez. Although it is unclear whether plaintiff has alleged facts sufficient to state an unconstitutional condition of confinement claim against Sheriff Pat Perez, before this Court may conduct a preliminary review of the complaint, it must first address the filing fee.

Plaintiff's in forma pauperis application submitted with his complaint contained neither a certificate by a jail official stating the amount of money the plaintiff had on deposit in his prison or jail trust fund account for a period of six months prior to the time he filed his complaint, nor a copy of plaintiff's jail trust fund statement. Nevertheless, because plaintiff is no longer incarcerated, he must submit another in forma pauperis application.
**(CONTINUED)**

isk

**STATEMENT (continued)**

    Because plaintiff filed his complaint while he was incarcerated, the Prison Litigation Reform Act (PLRA) governs the payment of the filing fee. Under the PLRA, an inmate unable to pay the $350 filing fee must seek leave to proceed in forma pauperis. If the inmate qualifies for in forma pauperis status, he is allowed to pay an initial partial filing fee and the remainder of the filing fee in installments, usually deducted from his jail trust fund account, until the entire $350 is paid. A non-prisoner who is unable to pay the $350 filing fee must also seek leave to proceed in forma pauperis; however, if the person is granted pauper status, he need not pay the filing fee. An inmate who files a complaint while incarcerated but who is then released must pay the portion of the filing fee that could have been paid up until the time of his release. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir.1997). The inmate's current financial status then determines whether he must pay the remainder of the filing fee. *Id.*

    Plaintiff filed the instant complaint while he was incarcerated. Therefore, if he wants to proceed with this complaint, as opposed to dismissing the current action and filing a complaint as a non-prisoner, he must submit another in forma pauperis application, demonstrating his current financial status and providing a copy of his jail trust fund account statement. Plaintiff is given 30 days from the date of this order to submit a new and completed in forma pauperis application, and provide this Court with a copy of his jail trust fund account statement for the 6-month period before he filed his suit up until the time of his release. Failure to submit another completed in forma pauperis application in accordance with this order will result in dismissal of this case without prejudice.