736
Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6376 | **DATE** | 3/12/08 |
| **CASE TITLE** | Gregory King (#R-65112) v. Pat Perez | | |

**DOCKET ENTRY TEXT:**

Plaintiff Gregory King's motion to proceed in forma pauperis [10] is granted.  The initial partial filing fee is waived. The trust fund account officer at Vienna Correctional Center is authorized to make monthly deductions from plaintiff's trust fund account in accordance with this order until the $350 filing fee is paid.  The clerk shall issue summons for Kane County Sheriff Pat Perez, and the United States Marshal is directed to serve this defendant.  The clerk shall mail to plaintiff a consent to Magistrate Judge form and instructions for filing documents in this court, along with a copy of this order.

■   [**For further details see text below.**]                                                                 Docketing to mail notices.

---

## STATEMENT

        Plaintiff Gregory King (R-65112), currently incarcerated at Vienna Correctional Center, filed this 42 U.S.C. § 1983 complaint while he was in custody at Kane County Jail.  Plaintiff alleges that the conditions at the Kane County Jail were unconstitutional.

        The court finds that plaintiff is unable to prepay the filing fee and grants his motion to proceed *in forma pauperis.*  According to the statement submitted with his in forma pauperis application, plaintiff has neither available funds nor means to pay the initial partial filing fee otherwise required by 28 U.S.C. § 1915(b)(1).  As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived.  The court authorizes the inmate trust account officer at the Cook County Jail to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action.  The Vienna Correctional Center trust account office shall notify correctional authorities of any other state correctional center of any outstanding balance owed pursuant to this order in the event plaintiff is transferred to another facility.

**(CONTINUED)**

isk

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the court must conduct an initial review of prisoner complaints against governmental entities or employees. Here, accepting the complaint's allegations as true, the court finds that plaintiff's complaint states a colorable cause of action against Kane County Sheriff Pat Perez. Though a more fully developed record may reveal that plaintiff's claims are without merit, the defendant must respond to the allegations in the complaint.

The clerk shall issue summonses for service of the complaint on Sheriff Pat Perez. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendant, Kane County Sheriff Pat Perez. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, officials at the Kane County Jail shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service, should a dispute arise. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to the defendant, or to defense counsel, once an attorney has entered an appearance for the defendants. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.