IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Gregory King, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 CV 6376 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| Pat Perez, Sheriff of Kane County, | ) | |
| | ) | |
| Defendant. | ) | |

ANSWER AND AFFIRMATIVE DEFENSE OF
KANE COUNTY SHERIFF PATRICK B. PEREZ

Now comes Kane County Sheriff Patrick B. Perez by and through his attorney Kane County Assistant State's Attorney Joseph F. Lulves, and for his answer to Plaintiff's Complaint states as follows:

On a prefatory note, as Plaintiff does not request any punitive damages, and makes no individual claims against Sheriff Perez individually, Defendant presumes this to be an official capacity complaint for purposes of this answer.

1.   I was trying to take a shower, but the drain threshold is about 11 inches I have a Prosthetic Right leg and having no rails to grab on to, I fell in the shower and my back was injured.  It feels like it is out of place.  I wrote to the doctor and nurse on 6-6-07, 6-8-07 & 7-2-07 I understand I am in Jail, but why am I being punished before I am found guilty.  I need accessibility in this place before I have another accident.

ANSWER:   Defendant denies the drain threshold is 11 inches high, denies that Plaintiff is or was being punished pre-trial, and is without knowledge sufficient to form a belief as to the truth of the remaining averments.

2.   To this date 9-12-07 I have no shower that would aid me in my endeavor to bathe my self.  I need this accessibility to keep myself clean.  I need it right I have no help here with staff or medical staff.

ANSWER: Denied as reasonable arrangements are made for disabled inmates on an individual basis.

3.   Nor was there a transfer chair.  My fall caused me great pain and I have a head ache and backache since.  On or about 7/2/07 I got gout in my knee.  Dr. prescribed Allopurind and indocin (for pain).  When the nurse came around with meds. she said "No pain meds, we had to order them."  I asked for ibuprofen and ice she Cindy said "you don't have a prescription for ice or Motrin." for two day:  I got no ibuprofen.  I never got indocin.  I asked for crutches or a wheel chair to get to the bath room because I couldn't walk.  She said "We can't give you crutches; you don't have a prescription!"  I had someone help me to the Bathroom.  I had to go to court in a wheel chair.  I had to drag myself onto the van that wasn't equipped, like the showers, to handle the handicapped and it has caused me great pain and suffering, to which I write this complaint.

ANSWER:  Defendant admits no transfer chair is used with the note that reasonable arrangements are made for disabled inmates on an individual basis. Defendant is without knowledge sufficient to form a belief as to the truth of the remaining averments.

4.  I also have diabetes.  They won't give me the pills I was prescribed before incarceration.  There is no where to exercise, when I can (Before I fell).  There is no diabetic tray served here.  I am also a vegetarian/vega and am served very little besides meat, bread, pasta and potatoes.  I buy commissary and trade for what little vegetables I can get.  No religious or diabetic tray I have also been confined to the infirmary for months with no T.V., Radio, or newspaper.  Also, there is mold in here that makes me cough sometimes till I vomit.

ANSWER:  Defendant denies that no exercise area is available. Defendant is without knowledge sufficient to form a belief as to the truth of the remaining medical averments.

5.  They will not give us anything to kill the mold in the showers.  Also if everybody in here is unable to clean, it doesn't get cleaned.

ANSWER:  Defendant denies no cleaning materials are available.

## Affirmative Defense

6.  The Prison Litigation Reform Act ("PLRA") mandates that "no action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or

any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a).

7. The Seventh Circuit held that "exhaustion of administration remedies, as required by Section 1997e, is a condition precedent to suit" and that a district court cannot decide a claim on its merits unless a plaintiff satisfies the exhaustion requirement, even if the process could not result in the desired form of relief. *Dixon v. Page*, 291 F.3d 485, 488-489 (7th Cir. 2002).

8. If a prisoner fails to exhaust the administrative remedies, he is precluded by 42 U.S.C. 1997e from bringing suit. *Woodford v. Ngo*, 126 S. Ct. 2378, 2380-81 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). While exhaustion of administrative remedies is an affirmative defense, "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 920 (2007).

9. If an inmate causes the "unavailability" of the grievance process by not submitting a grievance, the administrative process is not considered unavailable; instead it is deemed forfeited by the inmate. *Kaba v. E.A. Stepp et al.*, 458 F.3d 678, 684 (7th Cir. 2006).

10. The Plaintiff in this case has failed to exhaust the administrative remedies available to him for all of his claims, barring his Complaint.

Wherefore Defendant asks this Court to enter judgment in his favor and against Plaintiff on all counts of this Complaint.

                        Respectfully submitted,
                        Kane County Sheriff
                        Patrick B. Perez by:

                        /s/ Joseph F. Lulves
                        Assistant State's Attorney

Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
Atty. No. 6197008