IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Gregory King, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 CV 6376 |
| | ) | |
| v. | ) | Judge Michael T. Mason |
| | ) | |
| Pat Perez, Sheriff of Kane County, | ) | |
| | ) | |
| Defendant. | ) | |

**Status Report**

The parties are required to jointly file a status report pursuant to this Court's standing order regarding cases before the Court by consent. Defendant has presented this report to Plaintiff and has not received a response. Therefore, Defendant files the following status report:

1. Plaintiff complains of various conditions of confinement during his stay in the Kane County Adult Correctional Facility ("Jail"), including but not limited to: Lack of shower facilities to accommodate his prosthetic right leg; lack of a transfer chair for his disability; lack of adequate pain medication; unequipped van for transfer to court; lack of medical treatment for his gout and diabetes; lack of a vegetarian diet; lack of cleaning supplies. The Kane County Sheriff is the only party named as a defendant. Attached are copies of the current complaint, and answer by defendant.

2. The relief requested is unknown as there is no prayer for relief attached to the complaint. A request for an accommodation at the Jail appears to be academic for two reasons: First, Plaintiff in now in the custody of the De-

partment of Corrections, and second, Kane County is opening a new jail facility in the early fall, and all inmates are being transferred from the Old Jail to the New Jail at that time.

3. Defendant will be presenting at the status hearing motions for 1) a HIPAA order to obtain Plaintiff's medical records and 2) leave to take Plaintiff's deposition a the Department of Corrections facility.

4. There are no current cut-off dates. The Defendant suggests a discovery cut-off date of December 1, 2008. The earliest date available date for trial the Defendant anticipates as February 1, 2009.

5. Defendant anticipates taking Plaintiff's deposition only at this point. Defendant does not anticipate any written discovery will be required with the exception of the medical records. Subject to review of his medical records, and his deposition, other depositions may be required, but are not anticipated at this time.

6. There is no jury demand.

7. While Defendant is prepared to consider settlement, settlement negotiations have not taken place as Defendant has not received a demand from Plaintiff, and there is no prayer for relief.

Respectfully submitted by:

_____    /s/ Amy P. Engerman
Gregory King                   Amy P. Engerman
                               Assistant State's Attorney

2

Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
Atty. No. 6277932

## Office of the Kane County State's Attorney



## JOHN A. BARSANTI
State's Attorney

Civil Division
100 South Third Street, 4th Floor
Geneva, Illinois 60134

General Offices:
(630) 232-3500

July 11, 2008

Gregory King #R65112
Vienna-VNA
6695 State Route 146 East
Vienna, Illinois 62995

Re: Draft Status Report, King v. Kane County Jail et al., ND IL No. 07 CV 6376

Dear Mr. King:

For the telephone status date set by the Court in this case, the parties are required to submit a joint status report. Enclosed for your review is a draft report we propose filing. If you agree with this report, or if you wish to make additions, please do so directly on the draft, sign and return it, and we will file it as ordered by the Court. If you do not return this draft signed, and with any additions you want, we will file it as our status report and note to the Court we did not receive a response.

We are enclosing a copy of the draft proposed status report for your review and signature, as well as a copy of the Court's order setting this for a status hearing, as well as the Court's standing order regarding status reports.

Sincerely,

Amy P. Engerman
Assistant State's Attorney

HJE

**RECEIVED**

NOV 09 2007
09
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Gregory King
_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

HP

**FILED**

**MARCH 12, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

vs.

Kane County Jail
Pat Perez
_____

Case No:_____
(To be supplied by the Clerk of this Court)

07cv6376
JUDGE GUZMAN
MAG. JUDGE MASON

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:

✓      **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
U.S. Code (state, county, or municipal defendants)

_____      **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331** U.S. Code (federal defendants)

_____      **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

   A. Name: **Gregory King**

   B. List all aliases: _____

   C. Prisoner identification number: **67192**

   D. Place of present confinement: **Kane County jail**

   E. Address: **777 E Fabyan Pkwy. Geneva Il. 60134**

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

   (In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A. Defendant: **Pat Perez**

      Title: **Sheriff of Kane County**

      Place of Employment: **Kane County Jail**

   B. Defendant: **Medical Staff**

      Title: **Nurses and Doctor**

      Place of Employment: **Kane County Jail**

   C. Defendant: **Maintenance Men**

      Title: **Maintenance Men**

      Place of Employment: **Kane County Jail**

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

III. **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

YES ( ) NO (✓) If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

YES (✓) NO ( )

C. If your answer is YES:

1. What steps did you take?
   Wrote grievances on ordinary request forms to several people (staff members)

2. What was the result?
   Dr gave me Ibuprofen and Flexeril. No handicapped Aids were installed

3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)
   Wrote more grievances and tried to talk to sargeant

D. If your answer is NO, explain why not:
   Never received a reply

3

E.  Is the grievance procedure now completed? YES ( ) NO (✓)

F.  If there is no grievance procedure in the institution, did you complain to authorities? YES (✓) NO ( )

G.  If your answer is YES:

   1. What steps did you take? Told staff About my Accident in shower and wrote grievances on ordinary request slips

   2. What was the result? None - Dr gave me Ibuprofen and Flexeril. Nothing got fixed

H.  If your answer is NO, explain why not:

~~II~~ I have had no previous lawsuits

4

**V.   Statement of Claim:**

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

I was trying to take a shower, but the drain threshold is about 1 inches. I have a prosthetic right leg, and having no rails to grab on to, I fell in the shower and my back was injured. It feels like it is out of place. I wrote to the doctor and nurse on 6-6-07, 6-8-07 + 7-2-07. I understand I am in Jail, but why am I being punished before I am found guilty. I need accessibility in this place before I have another accident.

To this date 9-12-07 I have no shower that would aid me in my endeavor to bathe myself. I need this accessibility to keep myself clean. I need it. Right I have no help here with staff or medical staff.

6

Nor was there a transfer chair. My fall caused me great pain and I have had a headache and backache since. On or about 7/2/07 I got gout in my knee. Dr. prescribed Allopurinol and indocin (for pain). When the nurse came around with meds she said "No pain meds, we had to order them." I asked for ibuprofen and ice. Cindy she said "You don't have a prescription for ice or Motrin." For two days I got no ibuprofen. I never got indocin. I asked for crutches or a wheelchair to get to the bathroom because I couldn't walk. She said "We can't give you crutches, you don't have a prescription." I had someone help me to the bathroom. I had to go to court in a wheelchair. I had to drag myself onto the van that wasn't equipped, like the showers, to handle the handicapped and it has caused me great pain + suffering, to which I write this complaint.

I also have diabetes. They won't give me the pills I was prescribed before incarceration. There is nowhere to exercise, when I can (before I fell). There is no diabetic tray served here. I am also a vegetarian/vegan and am served very little besides meat, bread, pasta and potatoes. I buy commissary and trade for what little vegetables I can get. No religious or diabetic tray. I have also been confined to the infirmary for months with no T.V., radio, or newspaper. Also, there is mold in here that makes me cough sometimes till I vomit (see over)

They will not give us anything to kill the mold in the showers. Also if everybody in here is unable to clean, it doesn't get cleaned

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Gregory King, | ) |
| Plaintiff, | ) No. 07 CV 6376 |
| v. | ) Judge Guzman |
| Pat Perez, Sheriff of Kane County, | ) |
| Defendant. | ) |

ANSWER AND AFFIRMATIVE DEFENSE OF
KANE COUNTY SHERIFF PATRICK B. PEREZ

Now comes Kane County Sheriff Patrick B. Perez by and through his attorney Kane County Assistant State's Attorney Joseph F. Lulves, and for his answer to Plaintiff's Complaint states as follows:

On a prefatory note, as Plaintiff does not request any punitive damages, and makes no individual claims against Sheriff Perez individually, Defendant presumes this to be an official capacity complaint for purposes of this answer.

1. I was trying to take a shower, but the drain threshold is about 11 inches I have a Prosthetic Right leg and having no rails to grab on to, I fell in the shower and my back was injured. It feels like it is out of place. I wrote to the doctor and nurse on 6-6-07, 6-8-07 & 7-2-07 I understand I am in Jail, but why am I being punished before I am found guilty. I need accessibility in this place before I have another accident.

1

ANSWER: Defendant denies the drain threshold is 11 inches high, denies that Plaintiff is or was being punished pre-trial, and is without knowledge sufficient to form a belief as to the truth of the remaining averments.

2.   To this date 9-12-07 I have no shower that would aid me in my endeavor to bathe my self. I need this accessibility to keep myself clean. I need it right I have no help here with staff or medical staff.

ANSWER: Denied as reasonable arrangements are made for disabled inmates on an individual basis.

3.   Nor was there a transfer chair. My fall caused me great pain and I have a head ache and backache since. On or about 7/2/07 I got gout in my knee. Dr. prescribed Allopurind and indocin (for pain). When the nurse came around with meds. she said "No pain meds, we had to order them." I asked for ibuprofen and ice she Cindy said "you don't have a prescription for ice or Motrin." for two day: I got no ibuprofen. I never got indocin. I asked for crutches or a wheel chair to get to the bath room because I couldn't walk. She said "We can't give you crutches; you don't have a prescription!" I had someone help me to the Bathroom. I had to go to court in a wheel chair. I had to drag myself onto the van that wasn't equipped, like the showers, to handle the handicapped and it has caused me great pain and suffering, to which I write this complaint.

2

ANSWER: Defendant admits no transfer chair is used with the note that reasonable arrangements are made for disabled inmates on an individual basis. Defendant is without knowledge sufficient to form a belief as to the truth of the remaining averments.

4. I also have diabetes. They won't give me the pills I was prescribed before incarceration. There is no where to exercise, when I can (Before I fell). There is no diabetic tray served here. I am also a vegetarian/vega and am served very little besides meat, bread, pasta and potatoes. I buy commissary and trade for what little vegetables I can get. No religious or diabetic tray I have also been confined to the infirmary for months with no T.V., Radio, or newspaper. Also, there is mold in here that makes me cough sometimes till I vomit.

ANSWER: Defendant denies that no exercise area is available. Defendant is without knowledge sufficient to form a belief as to the truth of the remaining medical averments.

5. They will not give us anything to kill the mold in the showers. Also if everybody in here is unable to clean, it doesn't get cleaned.

ANSWER: Defendant denies no cleaning materials are available.

### Affirmative Defense

6. The Prison Litigation Reform Act ("PLRA") mandates that "no action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or

3

any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a).

7. The Seventh Circuit held that "exhaustion of administration remedies, as required by Section 1997e, is a condition precedent to suit" and that a district court cannot decide a claim on its merits unless a plaintiff satisfies the exhaustion requirement, even if the process could not result in the desired form of relief. *Dixon v. Page*, 291 F.3d 485, 488-489 (7th Cir. 2002).

8. If a prisoner fails to exhaust the administrative remedies, he is precluded by 42 U.S.C. 1997e from bringing suit. *Woodford v. Ngo*, 126 S. Ct. 2378, 2380-81 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). While exhaustion of administrative remedies is an affirmative defense, "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 920 (2007).

9. If an inmate causes the "unavailability" of the grievance process by not submitting a grievance, the administrative process is not considered unavailable; instead it is deemed forfeited by the inmate. *Kaba v. E.A. Stepp et al.*, 458 F.3d 678, 684 (7th Cir. 2006).

10. The Plaintiff in this case has failed to exhaust the administrative remedies available to him for all of his claims, barring his Complaint.

Wherefore Defendant asks this Court to enter judgment in his favor and against Plaintiff on all counts of this Complaint.

Respectfully submitted,
Kane County Sheriff
Patrick B. Perez by:

/s/ Joseph F. Lulves
Assistant State's Attorney

Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
Atty. No. 6197008