IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Gregory King, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 CV 6376 |
| | ) | |
| v. | ) | Judge Michael T. Mason |
| | ) | |
| Pat Perez, Sheriff of Kane County, | ) | |
| | ) | |
| Defendant. | ) | |

## Motion For A HIPAA Order

Now comes the Defendant, Kane County Sheriff Pat Perez, by his attorneys Kane County Assistant State's Attorneys Amy Engerman and Joseph Lulves, and for this Motion for a HIPAA Order states:

1. In his Complaint, Plaintiff alleges he fell in the shower at the jail and injured his back. Exhibit A (Complaint).

2. Plaintiff alleges he requested pain medication for his injury but was denied medication for two days by medical staff. Exhibit A (Complaint).

3. In order to defend against the allegations asserted by the Plaintiff, Defendant requires access to Plaintiff's medical records to evaluate, and defend against, the allegations of the Complaint.

4. A proposed HIPAA Order authorizing the release of medical records is attached to this Motion as Exhibit B.

Wherefore, Defendants request that this Court enter a HIPAA Order authorizing the Defendant to subpoena Plaintiff's medical records.

Respectfully submitted,

/s/ Amy Engerman
Assistant State's Attorney

Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
Atty. No. 6277932

Exhibit List

1. Exhibit A: Complaint

2. Exhibit B: Proposed HIPAA Order

Exhibit A: Complaint

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Gregory King, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 CV 6376 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| Pat Perez, Sheriff of Kane County, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSE OF
## KANE COUNTY SHERIFF PATRICK B. PEREZ

Now comes Kane County Sheriff Patrick B. Perez by and through his attorney Kane County Assistant State's Attorney Joseph F. Lulves, and for his answer to Plaintiff's Complaint states as follows:

On a prefatory note, as Plaintiff does not request any punitive damages, and makes no individual claims against Sheriff Perez individually, Defendant presumes this to be an official capacity complaint for purposes of this answer.

1.      I was trying to take a shower, but the drain threshold is about 11 inches I have a Prosthetic Right leg and having no rails to grab on to, I fell in the shower and my back was injured.  It feels like it is out of place.  I wrote to the doctor and nurse on 6-6-07, 6-8-07 & 7-2-07 I understand I am in Jail, but why am I being punished before I am found guilty.  I need accessibility in this place before I have another accident.

5

ANSWER:   Defendant denies the drain threshold is 11 inches high, denies that Plaintiff is or was being punished pre-trial, and is without knowledge sufficient to form a belief as to the truth of the remaining averments.

2.   To this date 9-12-07 I have no shower that would aid me in my endeavor to bathe my self.  I need this accessibility to keep myself clean.  I need it right I have no help here with staff or medical staff.

ANSWER: Denied as reasonable arrangements are made for disabled inmates on an individual basis.

3.   Nor was there a transfer chair.  My fall caused me great pain and I have a head ache and backache since.  On or about 7/2/07 I got gout in my knee.  Dr. prescribed Allopurind and indocin (for pain).  When the nurse came around with meds. she said "No pain meds, we had to order them."  I asked for ibuprofen and ice she Cindy said "you don't have a prescription for ice or Motrin." for two day:  I got no ibuprofen.  I never got indocin.  I asked for crutches or a wheel chair to get to the bath room because I couldn't walk.  She said "We can't give you crutches; you don't have a prescription!"  I had someone help me to the Bathroom.  I had to go to court in a wheel chair.  I had to drag myself onto the van that wasn't equipped, like the showers, to handle the handicapped and it has caused me great pain and suffering, to which I write this complaint.

ANSWER: Defendant admits no transfer chair is used with the note that reasonable arrangements are made for disabled inmates on an individual basis. Defendant is without knowledge sufficient to form a belief as to the truth of the remaining averments.

4. I also have diabetes. They won't give me the pills I was prescribed before incarceration. There is no where to exercise, when I can (Before I fell). There is no diabetic tray served here. I am also a vegetarian/vega and am served very little besides meat, bread, pasta and potatoes. I buy commissary and trade for what little vegetables I can get. No religious or diabetic tray I have also been confined to the infirmary for months with no T.V., Radio, or newspaper. Also, there is mold in here that makes me cough sometimes till I vomit.

ANSWER: Defendant denies that no exercise area is available. Defendant is without knowledge sufficient to form a belief as to the truth of the remaining medical averments.

5. They will not give us anything to kill the mold in the showers. Also if everybody in here is unable to clean, it doesn't get cleaned.

ANSWER: Defendant denies no cleaning materials are available.

### Affirmative Defense

6. The Prison Litigation Reform Act ("PLRA") mandates that "no action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or

any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a).

7. The Seventh Circuit held that "exhaustion of administration remedies, as required by Section 1997e, is a condition precedent to suit" and that a district court cannot decide a claim on its merits unless a plaintiff satisfies the exhaustion requirement, even if the process could not result in the desired form of relief. *Dixon v. Page*, 291 F.3d 485, 488-489 (7th Cir. 2002).

8. If a prisoner fails to exhaust the administrative remedies, he is precluded by 42 U.S.C. 1997e from bringing suit. *Woodford v. Ngo*, 126 S. Ct. 2378, 2380-81 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). While exhaustion of administrative remedies is an affirmative defense, "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 920 (2007).

9. If an inmate causes the "unavailability" of the grievance process by not submitting a grievance, the administrative process is not considered unavailable; instead it is deemed forfeited by the inmate. *Kaba v. E.A. Stepp et al.*, 458 F.3d 678, 684 (7th Cir. 2006).

10. The Plaintiff in this case has failed to exhaust the administrative remedies available to him for all of his claims, barring his Complaint.

Wherefore Defendant asks this Court to enter judgment in his favor and against Plaintiff on all counts of this Complaint.

>
> Respectfully submitted,
> Kane County Sheriff
> Patrick B. Perez by:
>
> /s/ Joseph F. Lulves
> Assistant State's Attorney

Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
Atty. No. 6197008

Exhibit B: Proposed HIPAA Order

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Gregory King, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 CV 6376 |
| | ) | |
| v. | ) | Judge Michael T. Mason |
| | ) | |
| Pat Perez, Sheriff of Kane County, | ) | |
| | ) | |
| Defendant. | ) | |

## HIPAA ORDER

This matter having come to be heard on the Motion of Defendant for the Entry of a Qualified Protective Order, due notice hereby having been given, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED THAT:**

(1)     The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to **Gregory King**, to the extent and subject to the conditions outlined herein.

(2)     For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(3)     All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to **Gregory King**, to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(4)     The parties and their attorneys shall be permitted to use the PHI of **Gregory King**, in any manner that is reasonably connected with the

11

above-captioned litigation.  This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(5)    At the conclusion of the litigation (which shall be defined at the point at which final orders disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted), any person or entity in possession of PHI pertaining to **Gregory King**, (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI in their possession.

(6) This order shall not control or limit the use of protected health information pertaining to **Gregory King**, that comes into the possession of any party or any party's attorney from a source <u>other than</u> a "covered entity," (as that term is defined in 45 CFR 160.103).

(7)    Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications.

**ENTERED:**

Date:_____        _____
                                                                Judge