IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Gregory King, ) | |
| ) | |
| Plaintiff, ) | No. 07 CV 6376 |
| ) | |
| v. ) | Judge Michael T. Mason |
| ) | |
| Pat Perez, Sheriff of Kane County, ) | |
| ) | |
| Defendant. ) | |

### HIPAA ORDER

This matter having come to be heard on the Motion of Defendant for the Entry of a Qualified Protective Order, due notice hereby having been given, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED THAT:**

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to **Gregory King**, to the extent and subject to the conditions outlined herein.

(2) For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(3) All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to **Gregory King**, to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(4) The parties and their attorneys shall be permitted to use the PHI of **Gregory King**, in any manner that is reasonably connected with the

11

above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(5) At the conclusion of the litigation (which shall be defined at the point at which final orders disposing of the entire case have been entered, or the time at which all trial and appellate proceedings have been exhausted), any person or entity in possession of PHI pertaining to **Gregory King**, (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI in their possession.

(6) This order shall not control or limit the use of protected health information pertaining to **Gregory King**, that comes into the possession of any party or any party's attorney from a source other than a "covered entity," (as that term is defined in 45 CFR 160.103).

(7) Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications.

ENTERED:

Date: July 31, 2008

_____
Judge